**EXHIBIT 1**

FILED
2009 Dec-02 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL -<br>Received in New Castle,<br>NOV 1 0 2009 | Case Number:<br>01-CV-2009-903487.00 |

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
Forwarded to New Albany
### BRANDY WOOD v. DISCOVER BANK ET AL

NOV 1 2 2009

**NOTICE TO**  DISCOVER BANK, 100 WEST MARKET PO BOX C, GREENWOOD, DE 19950

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS
WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant
☑ Service by certified mail of this summons is initiated upon the written request of    BRANDY WOOD
   pursuant to the Alabama Rules of the Civil Procedure

| 10/31/2009 11:46:09 AM | /s ANNE-MARIE ADAMS | |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS
   Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**
☐ Return receipt of certified mail received in this office on _____
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
   _____ in _____ County, Alabama on _____

| _____ | _____ |
| Date | Server's Signature |

RECEIVED NOV 18 2009

**01-CV-2009-903487.00**
BRANDY WOOD v. DISCOVER BANK ET AL

| C001 - BRANDY WOOD | v. | D001 - DISCOVER BANK |
| Plaintiff | | Defendant |


01-CV-2009-903487.00 D001

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number:<br>01-CV-2009-903487.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### BRANDY WOOD v. DISCOVER BANK ET AL

**NOTICE TO** DISCOVER FINANCIAL SERVICES, C/O CORPORATION TRUST CO 1209 ORANGE STREET, WILMINGTON, DE 19801

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS
WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant
☑ Service by certified mail of this summons is initiated upon the written request of    BRANDY WOOD
   pursuant to the Alabama Rules of the Civil Procedure

| 10/31/2009 11:46:09 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS
                                        Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**
☐ Return receipt of certified mail received in this office on _____
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____    _____
Date                Server's Signature

### 01-CV-2009-903487.00
### BRANDY WOOD v. DISCOVER BANK ET AL

| C001 - BRANDY WOOD | v. | D002 - DISCOVER FINANCIAL SERVICES |
|---|---|---|
| Plaintiff | | Defendant |


01-CV-2009-903487.00 D002

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>10/31/2009 |
|---|---|---|

ELECTRONICALLY FILED
10/31/2009 11:46 AM
CV-2009-903487.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
BRANDY WOOD v. DISCOVER BANK ET AL

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
               ☐ Government ☐ Other                                 ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FCRA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

             R ☐ REMANDED             T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056      10/31/2009 11:38:39 AM      /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided



EXHIBIT 1

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| BRANDY WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| DISCOVER BANK; DISCOVER | ) |
| FINANCIAL SERVICES; | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, INC.; EXPERIAN | ) |
| INFORMATION SOLUTIONS, | ) |
| INC.; and TRANS UNION, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"].

2. This action is also brought under Alabama state law.

## Parties

3. The Plaintiff, Brandy Wood ("Plaintiff Wood"), is a natural person who resides in Alabama.

4. Defendant Discover Bank ("Defendant" or "Discover") is a foreign company that engages in the business of suing consumers and/or reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of Delaware and it is incorporated in Delaware.

5. Defendant Discover Financial Services ("Defendant" or "Discover") is a foreign company that engages in the business of suing consumers and/or reporting consumer

credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of Delaware and it is incorporated in Delaware.

6. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

7. Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Ohio.

8. Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Illinois and it is incorporated in Delaware.

**Factual Allegations**

9. In March 2009, Defendant Discover sued Plaintiff in the District Court of Shelby County, Alabama, with a case number of DV-09-000196.

10. In this suit, Defendant Discover asserted it was the owner of a certain debt allegedly owed by Plaintiff Wood.

11. Defendant Discover claimed Plaintiff owed Defendant Discover thousands of dollars.

12. Plaintiff Wood filed an Answer denying the allegations of Defendant Discover.

13. The state court set the case for trial. Notice was sent to Defendant Discover and Plaintiff Wood.

14. At all times Plaintiff Wood was prepared for trial.

15. The case resulted in a <u>judgment in favor of Plaintiff Wood</u> on August 10, 2009.

16. Defendant Discover knew it had lost the case.

17. Defendant Discover reported and has continued to report (even after losing the case) to the credit reporting agencies that Plaintiff Wood owed this money and was in default.

18. Plaintiff Wood did not and does not owe this money to Defendant Discover.

19. Plaintiff Wood is a "consumer" as defined by the FCRA.

20. After the victory at trial, Plaintiff Wood sent a letter to Defendants Equifax, Experian, and Trans Union requesting an investigation of the Defendant Discover's account that still appeared on Plaintiff Wood's credit reports.

21. Plaintiff Wood requested that the Defendant Discover's account be deleted, as Plaintiff Wood did not owe it, per the court's judgment, and Plaintiff <u>enclosed a copy of the Order</u>.

22. Defendants Equifax, Experian, and Trans Union were not concerned and did not care about what the state court did in the case as Defendants Equifax, Experian, and Trans Union did not intend to perform a reasonable investigation.

23. Defendants Equifax, Experian, and Trans Union did not perform any type of reasonable investigation.

24. Defendants Equifax, Experian, and Trans Union notified Defendant Discover in accordance with the FCRA of the dispute by the Plaintiff Wood.

25. Alternatively, Defendants Equifax, Experian, and Trans Union did not properly notify Defendant Discover and, as a part of this failure, did not include all relevant information provided by Plaintiff Wood in its notification of Defendant Discover. This includes notification that the state court entered a judgment in favor of Plaintiff Wood.

26. Defendants failed to properly investigate this dispute as if Defendants had properly investigated, the Discover account would have been deleted.

27. On October 13, 2009, Defendant Equifax issued its results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

28. On September 11, 2009, Defendant Experian sent Plaintiff a letter which stated "We are responding to the information you sent us. Upon careful review of your information, we <u>determined that we were not able to use it</u>. We are contacting the source of the information you questioned. When we complete our verification process, which may take up to 30 days or up to 45 days for an investigation of information in an annual free credit report, we will send you the results." [Emphasis added].

29. This is a remarkable event as Defendant Experian in other cases has taken the position that if Plaintiffs would simply enclose a copy of the Order showing they were successful in the collection trial that Defendant Experian would remove the tradeline. This letter of September 11, 2009, shows the falsity of Defendant Experian's claims as it rejected the Order and would not use it in Plaintiff Wood's case.

30. On October 15, 2009, Defendant Experian issued its results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

31. On October 7, 2009, Defendant Trans Union issued its results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

32. The two (2) Defendant Discover entities are agents for each other and all knowledge about Plaintiff and Plaintiff winning the collection case is imputed to each Defendant Discover entity.

33. All Defendants provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Discover through its state court trial counsel that the case was a defeat for Defendant Discover) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34. Defendants Equifax, Experian, and Trans Union have previously proclaimed that they are obligated to rely upon whatever the public records state about a consumer.

35. For example, had Plaintiff Wood lost the suit and a judgment was entered in favor of Defendant Discover, and Plaintiff Wood disputed with Equifax, Experian, and Trans Union, Plaintiff Wood would have been told by Defendants Equifax, Experian, and Trans Union that they were bound by the state court judgment which says Plaintiff Wood owes the money.

36. These same Defendants Equifax, Experian, and Trans Union, however, <u>refused</u> to rely upon what the state court judge actually said – verdict for Plaintiff Wood.

37. These Defendants refused to read the enclosed Order or they read the Order and then chose to ignore it.

38. The verdict in favor of Plaintiff Wood means Plaintiff Wood does not owe the money claimed by Defendant Discover.

39. The state court ruling was a final judgment.

40. This final judgment was not appealed.

41. There is no avenue for appeal for Defendant Discover of this judgment as the time to appeal has passed.

42. Despite this knowledge, Defendants Equifax, Experian, and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Discover, has told them to say.

43. Defendants Equifax, Experian, and Trans Union have a policy to favor the paying customer, in this situation Defendant Discover, rather than what the consumer or the state court says about a debt.

44. The primary reason for this wrongful policy is that furnishers provide enormous financial rewards to Defendants Equifax, Experian, and Trans Union.

45. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

46. Defendant Discover has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Wood, who do not owe the alleged debt. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed or charged off when Defendant Discover knows no money is owed.

47. Defendant Discover has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts but Defendant Discover has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Wood's credit reports.

48. Defendant Discover assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

49. Defendant Discover has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

50. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

51. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Wood's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff Wood to pay on an account Plaintiff Wood does not owe.

52. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Wood's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

53. At all relevant times the Defendants Equifax, Experian, and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Wood's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

54. Defendant Discover failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Wood's credit information and Plaintiff Wood's credit report, concerning the account in question, thus violating state law as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

55. Defendant Discover has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Wood. These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Defendants Equifax, Experian, and Trans Union, and stating that Plaintiff Wood owes the debt.

56. Defendants Equifax, Experian, and Trans Union have failed to maintain Plaintiff Wood's account with maximum accuracy and these Defendants and Defendant Discover have

failed to properly investigate the account in response to the disputes made by Plaintiff Wood.

57. The conduct of the Defendants has proximately caused Plaintiff Wood past and future monetary loss, past and future damage to Plaintiff Wood's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

58. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

59. All Defendants are sophisticated businesses and they know their conduct is wrong.

60. For example, Defendants Equifax, Experian, and Trans Union have been sued numerous times for this identical misconduct.

61. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

62. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Wood and/or with the knowledge that their actions would very likely harm Plaintiff Wood and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

63. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to

punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

64. Defendant Discover is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the Alabama tort law, in their attempts to collect this debt from Plaintiff.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

65. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

66. Defendants Equifax, Experian, and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

67. Defendant Discover is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68. Plaintiff Wood notified Defendants Equifax, Experian, and Trans Union directly of a dispute on the Defendant Discover account's completeness and/or accuracy, as reported.

69. Defendants Equifax, Experian and Trans Union properly notified Defendant Discover of Plaintiff's dispute in accordance with the FCRA requirements.

70. Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Wood's disputes.

71. Plaintiff Wood alleges that at all relevant times Defendants Equifax, Experian, and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum

EXHIBIT 1

possible accuracy of Plaintiff Wood's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

72. Plaintiff Wood alleges that Defendants failed to conduct a proper and lawful reinvestigation. For example, Defendants were given notice that the suit was tried with the Plaintiff Wood winning the case, but Defendants apparently failed to review the Order, the court file or contact the court or contact counsel for Defendant Discover. Other examples will become apparent once discovery is commenced.

73. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Wood and/or with the knowledge that their actions would very likely harm Plaintiff Wood and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

74. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

75. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

76. Defendants intentionally published false and defamatory information related to the Defendant Discover account.

77. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Wood as set forth in this Complaint. This includes the initial reporting of Defendant Discover account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

78. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

79. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

80. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Wood.

81. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Wood as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

82. Defendants invaded the privacy of Plaintiff Wood as set forth in Alabama law, including publishing false information about Plaintiff Wood's personal financial obligations.

83. The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Discover) and reporting this false information (all Defendants).

84. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to Defendants Equifax, Experian, and Trans Union.

85. As a result of this conduct, action, and inaction of all Defendants, Plaintiff Wood has suffered damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Wood respectfully prays that judgment be entered against the Defendants for the following:

A.  An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.  Plaintiff Wood also requests all further relief to which Plaintiff Wood is entitled under Federal or State law, whether of a legal or equitable nature.

                Respectfully Submitted,

                /s/ John G. Watts
                **John G. Watts (WAT056)**
                **Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

                /s/ M. Stan Herring
                **M. Stan Herring (HER037)**
                **Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

                /s/ John G. Watts
                **Attorney for Plaintiff**