FILED
2009 Dec-02 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| BRANDY WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISCOVER BANK; ) | Case Number: |
| DISCOVER FINANCIAL ) | |
| SERVICES, LLC; ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, INC.; ) | |
| EXPERIAN INFORMATION ) | |
| SYSTEMS, INC.; and ) | |
| TRANSUNION, LLC, ) | |
| | |
| Defendants. | |

## ANSWER OF DEFENDANTS DISCOVER BANK AND DISCOVER FINANCIAL SERVICES LLC

The Defendants, Discover Bank and Discover Financial Services LLC (collectively, "Discover") state the following for Discover's Answer to the Complaint of Plaintiff:

1. Discover admits that the Complaint asserts claims under the Fair Credit Reporting Act, but denies that it is liable to the Plaintiff in any manner, and demands strict proof thereof.

1

2. Discover admits that the Complaint asserts claims under Alabama state law, but denies that it is liable to the Plaintiff in any manner, and therefore demands strict proof thereof.

3. Admitted.

4. Discover Bank admits that it is a Delaware bank. In all other respects, the allegations of this paragraph are denied.

5. Discover Financial Services LLC admits that it is a limited liability company principally situated in Delaware and Illinois. In all other respects, the allegations of this paragraph are denied.

6. The allegations of these paragraphs are not directed to Discover.

7. The allegations of these paragraphs are not directed to Discover.

8. The allegations of these paragraphs are not directed to Discover.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14. Denied.

15. Admitted.

16. Discover admits this paragraph insofar as Discover knew that the judgment was entered for Wood. In all other respects, the allegations are denied.

17. Denied.

18. Denied.

19. The allegations in these paragraphs are not directed to Discover.

20. The allegations in these paragraphs are not directed to Discover.

21. The allegations in these paragraphs are not directed to Discover.

22. The allegations in these paragraphs are not directed to Discover.

23. The allegations in these paragraphs are not directed to Discover.

24. Denied.

25. The allegations are not directed to Discover.

26. Denied as to Discover.

27. Denied, to the extent the allegations are directed to Discover.

28. Denied, to the extent the allegations are directed to Discover.

29. The allegations are not directed to Discover.

30. The allegations are not directed to Discover.

31. The allegations are not directed to Discover.

32. Denied.

33. Denied, to the extent the allegations are directed to Discover.

34. The allegations are not directed to Discover.

35. The allegations are not directed to Discover.

36. The allegations are not directed to Discover.

37. The allegations are not directed to Discover.

38. The allegations are not directed to Discover.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied, to the extent the allegations are directed to Discover.

43. Denied, to the extent the allegations are directed to Discover.

44. Denied, to the extent the allegations are directed to Discover.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied, to the extent the allegations are directed to Discover.

54. Denied.

55. Denied.

56. Denied, to the extent the allegations are directed to Discover.

57. Denied, to the extent the allegations are directed to Discover.

58. Denied, to the extent the allegations are directed to Discover.

59. Denied, to the extent the allegations are directed to Discover.

60. The allegations are not directed to Discover.

61. Denied, to the extent the allegations are directed to Discover.

62. Denied, to the extent the allegations are directed to Discover.

63. Denied, to the extent the allegations are directed to Discover.

64. Denied.

65. Discover realleges and adopts by reference its prior responses to the Complaint, as if set forth fully herein.

66. Admitted.

67. Admitted.

68. The allegations of this paragraph are not directed to Discover.

69. Denied.

70. Denied, to the extent the allegations are directed to Discover.

71. The allegations are not directed to Discover.

72. Denied, to the extent the allegations are directed to Discover.

73. Denied, to the extent the allegations are directed to Discover.

74. Denied.

75. Discover realleges and adopts by reference its prior responses to the Complaint, as if set forth fully herein.

76. Denied, to the extent the allegations are directed to Discover.

77. Denied, to the extent the allegations are directed to Discover.

78. Denied, to the extent the allegations are directed to Discover.

79. Denied, to the extent the allegations are directed to Discover.

80. Denied, to the extent the allegations are directed to Discover.

81. Denied, to the extent the allegations are directed to Discover.

82. Denied, to the extent the allegations are directed to Discover.

83. Denied, to the extent the allegations are directed to Discover.

84. Denied, to the extent the allegations are directed to Discover.

In response to the unnumbered section of the Complaint entitled "Relief Sought," Discover states that it is not liable to Plaintiff for the matters alleged in the Complaint, and therefore denies same, demands strict proof thereof, and requests that judgment be entered in its favor.

## **AFFIRMATIVE DEFENSES**

1. Discover hereby denies any paragraph, portion of any paragraph, or other material averment in Plaintiff's Complaint not previously referred to herein and demands strict proof thereof.

2. Plaintiff's Complaint fails to state a claim against Discover upon which relief can be granted.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff has waived, released, or is otherwise estopped from asserting the claims alleged in her Complaint.

5. Plaintiff has failed to satisfy all necessary conditions precedent prior to filing suit.

6. Plaintiff's state law claims directed to Discover are preempted, in whole or in part, by federal law.

7. Discover has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.*, and all Federal Regulations promulgated pursuant to the Fair Credit Reporting Act.

8. The Plaintiff has no private right of action against Discover under the Fair Credit Reporting Act.

9. Plaintiff's claims against Discover are barred by qualified immunity under the Fair Credit Reporting Act.

10. At all pertinent times, Discover maintained reasonable procedures to ensure maximum accuracy of its submission of information to consumer reporting agencies.

11. The Plaintiff's claims are barred by Discover's statutory and/or regulatory compliance.

12. Discover denies that Plaintiff has been injured, damaged, or harmed as a result of any act on the part of Discover or its agents, employees, or servants.

13. Discover avers that there is no causal relationship between its conduct and Plaintiff's alleged injuries that are the basis of this lawsuit.

14. Any harm allegedly suffered by Plaintiff was caused by the conduct of third parties for whom Discover owes no legal responsibility.

15. Plaintiff is barred from recovery, in whole or in part, by her own contributory negligence.

16. Plaintiff is barred from recovery, in whole or in part, by the doctrine of unclean hands.

17. Discover has acted at all times in good faith, with due care, and without malice or intent to injure Plaintiff.

18. Discover owes no legal duty to Plaintiff.

19. Discover denies that it breached any duty or obligation allegedly owed to Plaintiff.

20.   Discover denies that it acted negligently, recklessly or wantonly.

21.   Discover and any and all of its agents lacked the requisite scienter.

22.   Discover's supplying of information, if any, was true, privileged, and/or justified.

23.   Discover has not published any defamatory information with respect to Plaintiff's credit status or credit file willfully, maliciously, or otherwise.

24.   Discover did not make any statement concerning the Plaintiff or the Plaintiff's credit status that resulted in damages to the Plaintiff's reputation.

25.   Plaintiff's claims for damages are barred by Alabama Code § 6-5-186.

26.   Plaintiff has failed to mitigate her alleged damages.

27.   Plaintiff is barred by applicable law from recovering damages for mental anguish and emotional distress.

28.   To the extent that Plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate Discover's right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and

suffering; therefore, Plaintiff cannot recover compensatory damages for pain and suffering.

29. Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; therefore, the Plaintiff cannot recover punitive damages.

30. Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama; therefore, the Plaintiff cannot recover punitive damages.

31. Plaintiff's claims for punitive damages are barred by Alabama Code §§ 6-11-20 and 6-11-27.

32. Discover affirmatively pleads and avers the protections afforded it by Alabama Code § 6-11-21.

The parties have not yet conducted discovery in this case. Thus, Discover reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.

/s/

Attorney for Defendant
Discover Bank and Discover Financial Services, LLC

**OF COUNSEL:**
Wilson F. Green
**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
2316 University Blvd. Ste. 200
Tuscaloosa, Alabama 35401
(205) 722-1018
wgreen@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of December, 2009, I filed the foregoing with the Clerk of the Court and on the following counsel of record via U.S. Mail:

John G. Watts
Watts Law Group, PC
301 19th Street North
Birmingham, AL 35203

M. Stan Herring, P.C.
301 19th Street North
Birmingham, AL 35203

/s/

OF COUNSEL